1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    HENRY A. JONES,                          No.  2:22-CV-1364-DMC-P

12                    Plaintiff,

13         v.                                   ORDER

14    BENEVIOUS, et al.,                        and

15                    Defendants.               FINDINGS AND RECOMMENDATIONS

16

17                    Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.

19                    Plaintiff initiated this action with a pro se complaint.  See ECF No. 1.  The action

20    currently proceeds on Plaintiff's first amended complaint filed on August 28, 2023.  See ECF No.

21    17.  When Plaintiff initiated the action, he filed a motion for leave to proceed in forma pauperis,

22    which the Court granted.  See ECF No. 6.  The Court also directed partial monthly fee payments.

23    See ECF No. 7.  A further review of the docket reflects, however, that Plaintiff is not entitled to

24    proceed in forma pauperis in this action because he has had three or more prior actions dismissed

25    for failure to state a claim or as frivolous and the current action does not involve a claim of

26    imminent danger.  The Court will, therefore, vacate the orders granting in forma pauperis status

27    and directing monthly fee payments, and recommend that Plaintiff's application for leave to

28    proceed in forma pauperis be denied.

1

1    The Prison Litigation Reform Act's "three strikes" provision, found at 28 U.S.C.

2  § 1915(g), provides as follows:

3  
4  
5  
6  

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7  Id.

8  Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the

9  reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma

10  pauperis unless the imminent danger exception applies.  The alleged imminent danger must exist

11  at the time the complaint is filed.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir.

12  2007).  A prisoner may meet the imminent danger requirement by alleging that prison officials

13  continue with a practice that has injured him or others similarly situated in the past, or that there

14  is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182,

15  1190 (9th Cir. 2014).

16    A review of the Court's records reflects that Plaintiff has been found to have had

17  three or more prior "strikes."  See ECF Nos. 34 and 40 in Jones v Kuppinger, et al., E. Dist. Cal.

18  case no. 2:13-cv-0451-AC-P.  Additionally, neither the original complaint nor the operative first

19  amended complaint in the instant action indicate that Plaintiff was under imminent danger of

20  serious physical injury at the time he initiated this action.  See ECF Nos. 1 and 17.

21    In the first amended complaint, Plaintiff first alleges that Defendant Ebert violated

22  Plaintiff's rights under the Health Insurance Portability and Accountability Act (HIPAA). See id.

23  at 2. Plaintiff claims Defendant Ebert illegally wrote a declaration stating that "once an inmate is

24  no longer subject to the condition in which he was confined, he no longer has a claim." See id.

25  Plaintiff claims this is not true. See id.  These allegations do not indicate imminent danger of

26  serious injury to Plaintiff.

27  / / /

28  / / /

2

Next, Plaintiff alleges a violation of his Eighth Amendment rights due to the failure to act on a report or appeal within the prison system.  See id. at 2-4. Plaintiff claims that Defendant Lucis replaced Defendant Daylor as a psych tech, but that Lucis is not qualified for the position. See id. at 2. Plaintiff claims to have sent a memorandum through legal mail to Defendant Benevious on September 13, 2022, informing the Warden about the inadequate psychiatric staffing and Plaintiff's cruel and unusual treatment. See id. at 3. According to Plaintiff, Defendant Benevious did not respond. See id.  These allegations also fail to show an imminent danger of serious injury.

Next, Plaintiff alleges a conspiracy to cause psychological harm by continuing treatment against Plaintiff's will. See id. Plaintiff claims that Defendants Sparks and Daylor falsified a report of Plaintiff refusing to meet with the dietician in the medical offices. See id. at 4. Plaintiff claims to have told Defendant Daylor that his treatment was cruel and unusual, and that Plaintiff wished to be discharged. See id. Plaintiff intentionally did not fulfill the PIP (Performance Improvement Plan) requirements in order to be discharged, but ultimately was not discharged. See id. Plaintiff made several more complaints and appeals with no results. See id. Plaintiff claims Defendant Lee, who is responsible for administering inmates' medications, did not scan Plaintiff's medications with him present, so Plaintiff refused to take the medications. See id. at 5. Plaintiff then claims that Defendant Lee is not giving Plaintiff his medication as prescribed, increasing the risk of heart damage. See id.  These allegations do not show an imminent danger of serious injury, notably because Plaintiff does not describe the medication at issue or the potential effects of not taking such medication.  Moreover, Plaintiff admits that it was his choice not to take the medication.

Plaintiff next alleges that he was referred to a heart specialist because his pacemaker had a broken lead. See id. at 6. Plaintiff claims to feel a poking sensation when lying down, claiming that it is the broken lead. See id. Plaintiff made several complaints about this to Defendant Barchan, Plaintiff's treating physician, who Plaintiff claims did not report the need to extract the lead. See id. at 7. Plaintiff claims to have had two occasions where he bled from his mouth and rectum due to the broken lead. See id. Plaintiff asserts that Defendant Barchan was

indifferent to Plaintiff's complaints. See id. Plaintiff claims Defendant Posh intentionally did not inform him that a medical device could dislodge a lead from his pacemaker, putting Plaintiff at risk of serious harm. See id. at 8.  Here, given Plaintiff's statement that he has been referred to a heart specialist to evaluate and treat the issue with the allegedly defective device, Plaintiff is not under imminent danger of serious injury.  Rather, any such danger is being mitigated by way of further treatment by a specialist.

Plaintiff next claims that he suffered retaliation.  See id.  Plaintiff states that he told Defendant Turner of his intention to file a commercial lien relative to his products liability claim.  See id.  According to Plaintiff, Defendant Turner said "Oh, your [sic] one of those people: and "I wouldn't file that if I was you!"  Id.  Plaintiff took these statements as threats.  See id. According to Plaintiff, Defendant Turner "cited a warning and continued adverse action in a claim for retaliation. . . ."  Id.  Plaintiff also claims that Defendant Sanchez intentionally mishandled his legal documents, causing a delay that contributed to Plaintiff's habeas petition being denied. See id. at 9. Additionally, Plaintiff claims to have been in a phone conversation, which was ended by Defendant Doe two and a half minutes into the conversation. See id. at 10. Plaintiff claims this happened intentionally on several occasions and has had an adverse impact on his mental health. See id.  Plaintiff's claims of retaliation do not indicate any imminent danger of serious injury.

///

///

///

///

///

///

///

///

///

///

4

Based on the foregoing, the undersigned orders and recommends as follows:

1.      It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2.      It is ORDERED that the Court's orders granting in forma pauperis status and directing monthly fee payments, ECF Nos. 6 and 7, are VACATED.

3.      It is RECOMMENDED that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 3, be DENIED and that Plaintiff be required to pay the $350.00 filing fee for this action, less any amounts already received by the Court as partial monthly payments.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 25, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5